PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PERFECTA PRODUCTS, INC., | ) | CASE NO. 4:11CV00146 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE BENITA Y. PEARSON |
| v. | ) | |
| | ) | |
| EXPEDITE PRODUCTS, INC., | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendant. | ) | **ORDER** |

Defendant Expedite Products Inc. has filed a Motion To Transfer, Or, In The Alternative, To Stay, pursuant to 28 U.S.C. § 1404(a). ECF No. 5. Having considered the parties' pleadings and arguments made at the case management conference, the Court denies the motion.

## I. Factual and Procedural Background

On January 1, 2011, Plaintiff Perfecta Products, Inc. initiated a trademark infringement cause of action against Defendant Expedite Products, Inc. ECF No. 1. As its "responsive pleading," Expedite sought to transfer the instant ("Ohio case") to the federal court in the Middle District of Florida where another case involving Expedite–*Vapco, Inc. et al. v. Perfecta Products, Inc.*, Case No. 8:10-CV-00399–is pending or, in the alternative, to stay the Ohio case until the Florida case is resolved.[1] ECF No. 5 at 6.

---

[1] Expedite offered no rule permitting its broad interpretation of a motion pursuant to 28 U.S.C. § 1404(a) being a "responsive pleading." ECF No. 5 at 1. To the contrary, "responsive pleadings include answers, cross-claim answers, replies to counterclaims, and court-ordered replies. Fed. R. Civ. P. 12(a)." *U.S. v. Cinemark USA, Inc.*, 66 F.Supp.2d 881, 884 (N.D. Ohio 1999). By the date indicated in the Case Management Conference Plan/Order–March 25, 2011–Expedite must file an answer or responsive pleading. *See* ECF No. 15.

(4:11CV00146)

### A. The Florida Case.

In December, 2010, Plaintiffs Vapco, Incorporated and Interbay Ventures, LLC, brought suit against Perfecta, the sole defendant, alleging trademark infringement and seeking declaratory judgment, among other things, related to Plaintiffs' "FREEZE IT" mark in connection with topical analgesics for human and non-human animals. ECF No. 5-3 at 11-17. Perfecta countersued. ECF No. 5-5.

The Florida lawsuit arose from a 2005 agreement[2] between Interbay, a Florida company, and Perfecta, an Ohio corporation, that granted Perfecta. the exclusive right to distribute the topical analgesic product titled "FREEZE IT" and Interbay the right to manufacture "FREEZE IT." ECF No. 5-3 at ¶ 21-22. Interbay terminated the agreement, and on February 8, 2010 filed the action now pending in Florida. ECF No. 5-3 at ¶ 51.

Approximately one month after filing the Florida action, Fred Miller, the co-owner of Interbay formed Expedite, the sole defendant in the Ohio case. ECF No. 6 at 1-2.

### B. The Ohio Case.

On January 14, 2011, Perfecta acquired trademark rights to "FREEZ IT"[3] in connection with a pain relieving, topical analgesic, cream for humans. ECF No. 1 at ¶ 10. Perfecta claims exclusive rights to the "FREEZ IT" mark in connection with topical analgesics for humans. ECF

---

[2] To wit, the "Sales/Distribution Management and Joint Venture Agreement"(hereinafter the "Agreement").

[3] Perfecta alleges that in 1996, Dr. Nancy Charney developed "pain relieving cream for human use" titled "FREEZ IT" and registered the "FREEZ IT"mark. ECF No. 1 ¶ 8-9. On January 14, 2011, Dr. Charney assigned the rights, title and interest in the mark, including the rights to sue for past infringement, to Perfecta. ECF No. 1 at ¶ 10.

(4:11CV00146)

No. 1 ¶ 19. The Ohio complaint alleges that, with knowledge of Perfecta's or its predecessor's exclusive rights in the "FREEZ IT" mark, beginning on or about April 1, 2010, Expedite manufactured, marketed, and sold a topical analgesic under the name "FREEZE IT" followed by the typical trademark registration symbol, ®.  ECF No. 1 at ¶ 11.  Perfecta alleges that Expedite's use of the "FREEZE IT" mark is confusing and infringing upon Perfecta's registered "FREEZ IT" mark, in addition to other violations of Perfecta's registered marks.  ECF No. 1 at 3.

## II. Discussion

Motions to transfer pursuant to 28 U.S.C. § 1404(a) are granted at the discretion of the Court.  *Bunting ex rel Gray v. Gray*, 2 Fed.Appx. 443, 448 (6th Cir. 2001) ("A decision to transfer under § 1404(a) lies within the discretion of the district court.").

### A.

Duplicative federal litigation should be avoided.  *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  There is, however, no strict rule governing this aspiration.[4]  Doctrines such as the "first-to-file" rule are often relied upon to "encourage[] comity among federal courts of equal rank."  *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (citations omitted).  "The rule provides that when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment."  *Id.*

---

[4] It proceeds from a belief in the general principle that and should not be rigidly applied. *Certified Restoration Dry Cleaning Network, LLC*, 511 F.3d at 551 (quoting *Amsouth Bank*, 386 F.3d at 791 n.8).  Accordingly, district courts have discretion to dispense with the "first-to-file" rule where equity so demands.  *See Zide*, 16 Fed.Appx. at 437; *see also Certified Restoration Dry Cleaning Network, LLC*, 511 F.3d at 551.

(4:11CV00146)

(quoting *Zide Sport Shop of Ohio, Inc. v. Ed Tobergte Assoc., Inc.*, 16 Fed.Appx. 433, 437 (6th Cir. 2001)). The rule applies only to contemporaneously filed cases pending in separate federal courts. *Amsouth Bank v. Dale*, 386 F.3d 763, 791 (6th Cir. 2004).

Although not bound by the first-to-file rule,[5] the Court relies upon its instruction to "determine whether the parties and issues in the two cases are substantially similar." *Cavaliers Operating Co.*, 2007 WL 3171584, at *3 (citing *Plating Resources, Inc. v. UTI Corp.*, 47 F.Supp.2d 899, 903-04 (N.D. Ohio 1999)).

**B.**

Indisputably, the Florida case was the first filed. Although, Perfecta is Plaintiff in the Ohio case as well as Defendant and Counterclaimant[6] in the Florida case, Expedite–Defendant in the Ohio case–is not a party to the Florida case. ECF No. 6 at 2. In fact, Expedite only came into existence one month after the commencement of the Florida cause of action. ECF No. 6 at 2. Therefore, the parties are not *substantially* similar.

Additionally, although infringement is alleged in both cases, the record does not support *substantial* similarity between the facts underlying the Florida and Ohio cases. In the Ohio case, Perfecta alleges that Expedite's manufacture and distribution of "FREEZ IT" infringes upon Perfecta's FREEZE IT mark. Contrastingly, in Florida, Perfecta has not alleged infringement due to the FREEZ IT mark and Perfecta has not brought any claims against Expedite. ECF No. 5 at

---

[5] Federal Rule of Civil Procedure 83(b), Procedure When There Is No Controlling Law: "A judge may regulate practice in any manner consistent with federal law, rules adopted under 28 U.S.C. §§ 2072 and 2075, and the district's local rules."

[6] Perfecta counterclaims against only Interbay. ECF No. 5-5.

(4:11CV00146)

11. The Florida and Ohio cases focus on different issues: the Agreement in the Florida case and trademark infringement of "FREEZ IT" in the Ohio case. ECF Nos. 1 and 6 at 5.

Finally, while resolution of the Florida case could possibly influence litigative strategy or a resolution in the Ohio case, the issues in the Ohio case regarding the "FREEZ IT" mark will, however, remain.

### III. Conclusion

For the foregoing reasons, Defendant Expedite Products Inc.'s Motion To Transfer, Or, In The Alternative, To Stay is denied. ECF No. 5.

IT IS SO ORDERED.

| | |
|---|---|
| April 20, 2011 | s/ *Benita Y. Pearson* |
| Date | United States District Judge |